IN THE UNITED STATED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YOLANDA ROBINSON, | : | |
| | : | |
| Plaintiff, | : | Civil Action |
| | : | |
| v. | : | No. |
| | : | |
| COMCAST CORPORATION | : | JURY TRIAL DEMANDED |
| And | : | |
| LIBERTY MUTUAL, | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

NOW COMES Plaintiff, Yolanda Robinson, by and through her attorneys, James, Smith, Dietterick & Connelly, LLP, and complains against Defendants, Comcast Corporation and Liberty Mutual, averring:

### Nature of Action

1. Plaintiff, Yolanda Robinson, brings this action against Defendants, Comcast Corporation and Liberty Mutual, for violation of the Employment and Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et seq., ("ERISA").

2. Specifically, under 29 U.S.C. § 1132(a)(1)(B), Ms. Robinson seeks to recover benefits due to her under her plan, enforce her rights under the plan, and clarify further benefits owed to her under the plan.

### Parties

3. Plaintiff, Yolanda Robinson, is an adult residing at 1233 East Evans Creek Road, Rogue River City, Oregon 97537.

4. Defendant, Comcast Corporation, is a Pennsylvania corporation with a headquarters office located at 1701 John F Kennedy Blvd, Philadelphia, PA 19103.  Comcast does business and has offices throughout the Middle District of Pennsylvania.

5. Defendant, Liberty Mutual Insurance, is a corporation with the business address of 175 Berkeley Street, Boston, MA 02116.  Liberty Mutual Insurance does business in the Middle District of Pennsylvania.

**Jurisdiction and Venue**

6. This Court has personal and subject matter jurisdiction over this case pursuant to 29 U.S.C. § 1132 (e) and (f) because of Defendants' breach of their ERISA obligation to her.

7. Plaintiff Robinson, at all pertinent times, was a participant within the meaning of 29 U.S.C. § 1002(7) in the group Long-Term Disability Policy ("Policy") that was issued to Comcast, Plaintiff's employer.

8. Plaintiff Robinson has standing to bring this action under ERISA, 29 U.S.C. § 1132(a).

9. Venue is proper under 29 U.S.C. § 1132(e) as Defendant Comcast may be found within the District.

**Factual Background**

10. The plan under which the Plaintiff is suing is a long term disability policy maintained by Comcast and insured by Liberty Mutual.

11. From 2004 through November 7, 2010, Claimant worked full-time for Comcast in Concord, California.  She has not worked since that time.

12. As a full-time employee, Ms. Robinson became insured under the Policy, with an effective date of June 1, 2005.  A true and correct copy of the Policy is attached hereto as "Exhibit A."

13. Plaintiff was provided with a Summary Plan Description ("SPD") for the Policy, a true and correct copy of which is attached hereto as "Exhibit B."

14. Ms. Robinson is a Class 3 employee, entitled to receive sixty percent (60%) of her basic monthly earnings.

15. Ms. Robinson had a total right knee replacement on November 8, 2010 at Kaiser Foundation Hospital.  Subsequently, Ms. Robinson underwent physical therapy from November 15, 2010 until January 14, 2011.

16. On January 27, 2011, William Richard Cimino, M.D. examined Ms. Robinson and determined that she was likely disabled.

17. On January 12, 2012, Ms. Robinson's psychiatrist, Dr. Wang, wrote to Liberty Mutual, opining that Ms. Robinson was unable to return to work.

18. On April 16, 2011, Ms. Robinson began receiving benefit payments from Liberty Mutual under the Policy.

19. Ms. Robinson applied for Social Security Disability benefits, and the Social Security Administration granted her benefits, determining that she is disabled.

20. On September 1, 2011, Ms. Robinson notified Liberty Mutual that the Social Security Administration determined that she was disabled and granted her benefits.

21. After the Social Security Administration determined that Ms. Robinson is disabled, Liberty Mutual wrote to Ms. Robinson, informing her that she could not receive benefits beyond April 15, 2012 because, under the terms of the Policy, to receive benefits for more than one year, the Plaintiff would need to be disabled from "any occupation."

22. Liberty Mutual wrongfully and in violation of the Policy decided that Ms. Robinson was not disabled from "any occupation."

23. Liberty Mutual wrongfully and in violation of the Policy suspended Ms. Robinson's benefits as of April 15, 2012.

24. The Long-Term Disability Policy defines "Disability" or "Disabled" as follows:

    > For persons other than pilots, co-pilots, and crewmembers of an aircraft: if the Covered Person is eligible for the Maximum any Occupation benefit, "Disability" or "Disabled" means that during the Elimination Period and until the Covered Person reaches the end of the Maximum Benefit Period, as a result of an Injury or Sickness, he is unable to perform the Material and Substantial Duties of Any Occupation.  [I]f the Covered Person is eligible for the 12 Month Own Occupation benefit, "Disability" or "Disabled" means that during the Elimination Period and the next 12 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.

25. Under the Long-Term Disability Policy, if the Covered Person is unable to earn more than sixty percent (60%) of his pre-disability earnings, he will be considered unable to perform "Any Occupation."  "Any Occupation" is defined as:

    > "Any Occupation," with respect to Class 3, means any occupation that the Covered Person is or becomes reasonably fitted by training, education, experience, age, physical and mental capacity.  If the Covered Person is unable to earn more than 60% of his pre-disability earnings, he will be considered unable to perform Any Occupation.

26. Ms. Robinson is not a high school graduate, but has obtained her GED and received certificates from training programs in electronics and cosmetology.

27. The occupations that Liberty Mutual has cited as within Ms. Robinson's abilities are Sales Representative, Customer Service Representative, and Dispatcher.

28. Ms. Robinson was earning approximately $100,000 annually or $8,333 per month. Therefore, in order for Ms. Robinson to not be considered disabled under the policy, she would need to be able to earn more than $5,000 per month.

29. None of the occupations cited by Liberty Mutual pay more than $5,000 per month.

30. The Defendants' own data does not show that Ms. Robinson has the ability to be gainfully employed.

WHEREFORE, Plaintiff, Yolanda Robinson, demands as follows:

(A) Compensatory damages against Defendants, Comcast Corporation and Liberty Mutual, in the amount of $5,245.70 per month from April 15, 2012 to the present, along with interest at the maximum rate permitted by law;

(B) A declaration that Defendant, Comcast Corporation, and/or Defendant, Liberty Mutual, is/are liable to Plaintiff for benefits of $5,245.70 for so long as allowed under the policy and so long as she remains disabled;

(C) An award of reasonable attorney's fees and costs pursuant to 29 U.S.C. § 1132(g); and

(D) Such other relief as is necessary, reasonable or just.

Respectfully Submitted,

 /s/ Ronald T. Tomasko  
Ronald T. Tomasko, Esquire  
Attorney I.D. No. 61190  
James Smith Dietterick & Connelly, LLP  
P.O. Box 650  
Hershey, PA 17033  

Date: March 5, 2013                    Attorney for the Plaintiff, Yolanda Robinson